UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DARRELL ROGERS,

    Plaintiff,

v.

COSTA MIAMI REALTY, LLC, and
AMALIA AHUMADA,

    Defendants.
_____/

**COMPLAINT**
**and**
**JURY DEMAND**

    Plaintiff, Darrell Rogers, by and through his undersigned attorneys, files this Complaint for injunctive and declaratory relief, damages, costs, and attorneys' fees against Defendants, Costa Miami Realty, LLC ("Costa Miami") and Amalia Ahumada, and as good grounds states as follows:

**PRELIMINARY STATEMENT**

    1.    This action arises as a result of Defendants' discriminatory actions perpetrated against families with children with respect to the rental and advertisement of a condominium unit located at 3000 NW 43rd Ter., Unit No. 201, Lauderdale Lakes, FL 33313 (the "Dwelling").

    2.    Specifically, Defendants have violated the Fair Housing Act by, among other things: 1) making unavailable or denying the Dwelling to Plaintiff because of familial status; 2) discriminating against Plaintiff in the terms, conditions, or privileges of the rental of the Dwelling; and 3) making, printing, or publishing, or causing to be made, printed, or published a notice, statement, or advertisement, with respect to the rental of the Dwelling that indicates a preference, limitation, or discrimination based on familial status.

- 2 -

## JURISDICTION AND VENUE

3. Jurisdiction is invoked pursuant to 42 U.S.C. § 3613(a), in that Plaintiff asserts his claims of housing discrimination in a civil action, and also pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 2201, in that this is a civil action seeking to redress the deprivation of the right to fair housing secured to Plaintiff by the Fair Housing Act.

4. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff seeks a permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that the events and/or omissions giving rise to the claims herein occurred in this district, and the Defendants conduct business in this district.

## PARTIES

6. Plaintiff, Darrell Rogers, is the father of two young children under fourteen.  Mr. Rogers is deeply committed to fair housing and the goals of the Fair Housing Act.  Mr. Rogers was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendants.

7. Defendant, Costa Miami Realty, LLC is a Florida Limited Liability Company that is comprised of licensed real estate professionals who have been educated, trained, and tested in fair housing laws.

8. Defendant, Amalia Ahumada is an individual who is and was an employee of Defendant Costa Miami Realty, LLC at all relevant times.  Defendant Ahumada is a licensed real estate sales associate, who has been educated, trained, and tested in fair housing laws.

- 3 -

## FACTUAL ALLEGATIONS

9. While looking through real estate advertisements, Mr. Rogers encountered an advertisement for the rental of the Dwelling. The advertisement stated "No children under 14 years per HOA."

10. The advertisement indicated that Defendants were the listing agents.

11. Being familiar with Fair Housing laws, Mr. Rogers was insulted that the advertisement contained such overtly discriminatory language, in blatant disregard for Federal Fair Housing laws.

12. Upon information and belief, Defendants developed the text of the advertisement, including the text of the blatantly discriminatory age restriction.

13. Mr. Rogers reviewed the Florida Commission on Human Relations's 55-and-over Community listings. As a result of his investigation, he determined that the condo was not listed a registered 55-and-over community.

14. The advertisement indicated that questions regarding rental of the Dwelling could be texted to Defendants.

15. Mr. Rogers, posing as a potential renter, contacted Defendants by text message, and inquired about the discriminatory restriction.

16. In response, Defendants reaffirmed and restated their discriminatory statements and restrictions, stating "Yes, no pets or no children under 14 [years]."

17. As an individual who is dedicated to combating discrimination and advancing fair housing, and as a father of two children under the age of fourteen, Mr. Rogers was insulted and emotionally distressed by the advertisements, statements and evidences of discrimination that he viewed and uncovered.

## COUNT 1:
## VIOLATION OF THE FAIR HOUSING ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

19. This Count 1 is brought by Plaintiff against the Defendants.

20. Defendants are liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendants and their agents.

21. Defendants have violated the Fair Housing Act by, among other things: 1) making unavailable or denying the Dwelling to Plaintiff because of familial status; 2) discriminating against Plaintiff in the terms, conditions, or privileges of the rental of the Dwelling with respect to familial status; and 3) making, printing, or publishing, or causing to be made, printed, or published a notice, statement, or advertisement, with respect to the rental of the Dwelling that indicates a preference, limitation, or discrimination based on familial status.

22. A discriminatory purpose, not any legitimate reason, was a motivating factor behind Defendants' aforementioned discriminatory actions.

23. As a result of Defendants' actions, Plaintiff suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury including, but not limited to, embarrassment, emotional distress, and insult.

24. In engaging in this unlawful conduct described above, Defendants acted recklessly or intentionally. This is evidenced, in part, by the fact that Defendants are licensed real estate professionals, who have been educated, trained, and tested in fair housing laws; and despite such education, training, and testing, chose to engage in unlawful discrimination.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. declare the actions of Defendants complained of herein to be in violation of the federal Fair Housing Act;

   B. enter a permanent injunction enjoining Defendants, their successors, and their servants, agents and employees, and all those acting in concert with them, from engaging in discrimination based on familial status;

   C. enter a permanent injunction compelling Defendants their successors, and their servants, agents and employees, and all those acting in concert with them, to adopt policies, procedures and practices, which will ensure that no advertisements are published and no statements are made indicating a preference, limitation, or discrimination based on familial status;

   D. award compensatory and punitive damages to Plaintiff against Defendants for, among other things, the emotional distress and insult injury caused by Defendants' discriminatory actions;

   E. award Plaintiff his costs and reasonable attorneys' fees in this action; and

   F. award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

        Respectfully submitted,

        Joshua A. Glickman, Esq.
        Florida Bar No. 43994
        josh@sjlawcollective.com
        Shawn A. Heller, Esq.
        Florida Bar No. 46346
        shawn@sjlawcollective.com

        Social Justice Law Collective, PL
        434 Skinner Blvd., #206
        Dunedin, FL 34698
        (202) 709-5744
        (866) 893-0416 (Fax)

- 6 -

Attorneys for the Plaintiff

By: _s/ Shawn A. Heller_
     Shawn A. Heller, Esq.